McGREGOR W. SCOTT
United States Attorney
CAMERON L. DESMOND
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:18-CR-00233-WBS |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| FIDEL GOMEZ, JR., | DATE: March 16, 2021 TIME: 9:00 a.m. |
| Defendant. | COURT: Hon. William B. Shubb |

This case is set for a jury trial to begin March 16, 2021.  By this stipulation the defendant now moves to continue the trial date to October 5, 2021, and to exclude time between March 16, 2021, and October 5, 2021, under 18 U.S.C. § 3161(h)(7)(A), (B)(iv) (Local Code T4).   The parties also request that a Trial Confirmation Hearing be scheduled for September 7, 2021.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders,

/ / /

_____

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1    as well as the declarations of judicial emergency, were entered to address public health concerns related

2    to COVID-19.

3          Although the General Orders and declarations of emergency address the district-wide health

4    concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

5    "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

6    findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-

7    record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such

8    failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

9    (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

10    findings on the record "either orally or in writing").

11          Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

12    and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

13    emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the

14    judge granted such continuance on the basis of his findings that the ends of justice served by taking such

15    action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

16    § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of

17    the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

18    such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

19          The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

20    18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address

21    continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

22    discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-

23    week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d

24    764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed.

25    *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

26    exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

27    The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

28    by the statutory rules.

1      In light of the societal context created by the foregoing, this Court should consider the following

2  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

3  justice exception, § 3161(h)(7) (Local Code T4). [2]

4                                          **STIPULATION**

5      Plaintiff United States of America, by and through its counsel of record, and defendant, by and

6  through defendant's counsel of record, hereby stipulate as follows:

7      1.      By previous order, this matter was set for trial to begin March 16, 2021.

8      2.      By this stipulation, the defendant now moves to continue the trial until October 5, 2021 at

9  9:00 a.m., and to exclude time between March 16, 2021, and October 5, 2021 at 9:00 a.m., under 18

10  U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

11      3.      The parties agree and stipulate, and request that the Court find the following:

12          a)      The government has represented that the discovery associated with this case

13  includes over 1,200 documents, physical evidence seized from multiple properties, and several

14  video and audio recordings.  All of this discovery has been either produced directly to counsel

15  and/or made available for inspection and copying.

16          b)      Counsel for defendant desires additional time to conduct independent factual

17  investigation, locate and interview witnesses with testimony regarding the defendant's

18  whereabouts and actions during the relevant time period, inspect the physical evidence seized

19  during the search, and conduct legal research into pre-trial motions and trial issues.

20          c)      All of the above preparation has been made more difficult and time consuming

21  given the COVID -19 pandemic; specifically the health risks involved with in-person meetings

22  with the defendant and witnesses and travel limitations due to stay-at-home orders has prolonged

23  trial preparation.

24          d)      The government still intends to conduct forensic analysis of electronic devices

25  seized during the search and to produce such information to the defendant prior to trial.  Defense

26  counsel will need additional time to review that evidence once produced.

27

28          [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1    e)    Defense counsel currently has a four-week criminal trial set to begin August 10,

2    2021, and multiple additional trials throughout the summer 2021 that will limit his ability to

3    prepare for this trial.

4    f)    Counsel for defendant believes that failure to grant the above-requested

5    continuance would deny him/her the reasonable time necessary for effective preparation, taking

6    into account the exercise of due diligence.

7    g)    The government does not object to the continuance.

8    h)    Based on the above-stated findings, the ends of justice served by continuing the

9    case as requested outweigh the interest of the public and the defendant in a trial within the

10    original date prescribed by the Speedy Trial Act.

11    i)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

12    et seq., within which trial must commence, the time period of March 16, 2021 to October 5, 2021

13    at 9:00 a.m., inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local

14    Code T4] because it results from a continuance granted by the Court at defendant's request on

15    the basis of the Court's finding that the ends of justice served by taking such action outweigh the

16    best interest of the public and the defendant in a speedy trial.

17    / / /

18    / / /

19    / / /

20    / / /

21    / / /

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

1    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

2  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3  must commence.

4    5.    The  Trial Confirmation Hearing is continued to September 7, 2021 at 9:00 a.m.

5    IT IS SO STIPULATED.

6

7

8  Dated:  January 6, 2021                    McGREGOR W. SCOTT
                                              United States Attorney
9
                                              /s/ CAMERON L. DESMOND
10                                            CAMERON L. DESMOND
                                              Assistant United States Attorney
11

12

13  Dated:  January 6, 2021                    /s/ JESSE SANTANA
                                              JESSE SANTANA
14                                            Counsel for Defendant
                                              FIDEL GOMEZ, JR.
15

16

17

18                            **FINDINGS AND ORDER**

19    IT IS SO FOUND AND ORDERED.

20    Dated:  January 7, 2021

21                                            WILLIAM B. SHUBB
22                                            UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28