PHILLIP A. TALBERT
United States Attorney
CAMERON L. DESMOND
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FIDEL GOMEZ, JR.,<br><br>Defendant. | CASE NO. 2:18-CR-00233-WBS<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING PLEA HEARING; ORDER<br><br>DATE: January 31, 2022<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

## **BACKGROUND**

Defendant Fidel Gomez, Jr. was indicted on November 15, 2018. He is scheduled to appear for a change of plea hearing on January 31, 2022.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23 § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the

1  President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the
2  Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the
3  functioning of the federal courts generally."
4     On March 30, 2020, the Chief Judge of this District, per General Order 614, also made the
5  findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal
6  Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be
7  conducted in person without seriously jeopardizing public health and safety."  Accordingly, the findings
8  of the Judicial Conference and General Order 614 establish that plea and sentencing hearings cannot
9  take safely take place in person.  General Order 640 recently extended the order allowing remote guilty
10 please for 90 days from December 27, 2021.
11    In order to authorize plea hearings by remote means, the CARES Act—as implemented by
12 General Orders 614 and subsequent extensions—also requires district courts in individual cases to "find,
13 for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without
14 serious harm to the interests of justice."  General Order 614, as extended through General Order 640,
15 further requires that the defendant consent to remote proceedings.
16    The parties hereby stipulate and agree that each of the requirements of the CARES Act and
17 General Orders 614 and 640 have been satisfied in this case.  They request that the Court enter an order
18 making the specific findings required by the CARES Act and General Orders 614 and 640.  Specifically,
19 for the reasons further set forth below, the parties agree that:
20    1)   The plea hearing in this case cannot be further delayed without serious harm to the
21 interest of justice, given the public health restrictions on physical contact and court closures existing in
22 the Eastern District of California and
23    2)   The defendant waives his physical presence at the hearing and consents to remote hearing
24 by videoconference and counsel joins in that waiver.

**STIPULATION**

26  Plaintiff United States of America, by and through its counsel of record, and defendant, by and
27 through defendant's counsel of record, hereby stipulate as follows:
28 / / /

STIPULATION REGARDING HEARING         2

1. On March 30, 2020, the Court authorized, through General Order 614, the use of videoconference and teleconference technology in certain criminal proceedings under the CARES Act.

2. On December 21, 2021, General Order 640 issued, extending General Order 614 for 90 days.

3. It is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic.  By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

4. The plea hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice.  If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

5. Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference.  Counsel joins in this consent.

IT IS SO STIPULATED.

Dated:  January 28, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ CAMERON L. DESMOND
CAMERON L. DESMOND
Assistant United States Attorney

Dated:  January 28, 2022

/s/ Daniel Russo
Daniel Russo
Counsel for Defendant
Fidel Gomez, Jr.

**FINDINGS AND ORDER**

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

    a) The court finds that the plea hearing in this case cannot be further delayed without serious harm to the interest of justice;

    b) The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference; and

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Orders 614 and 640, the plea hearing in this case will be conducted by videoconference.

IT IS SO FOUND AND ORDERED

Dated: January 28, 2022

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE